LEE *v.* McCONNELL.

[69 South. 706.]

1. ATTACHMENT. *Plea in abatement. Necessity. Removal from jurisdiction. Evidence.*

In a suit upon an open account begun by attachment, where the plea in abatement did not put in issue whether or not the debt sued on was due, that issue was not presented for adjudication.

2. ATTACHMENT. *Removal from jurisdiction. Evidence.*

Where an attachment is sued out upon the grounds: First, that defendant is a non-resident of this state; second, that he has removed himself out of the state; and third, that he so absconds or conceals himself that he cannot be served with summons, and under the evidence, the jury would have been warranted in believing that defendant had left the state with only a vague idea of returning thereto at some uncertain time in the future, a peremptory instruction for the defendant should not be given.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by William D. Lee, Sr., against J. M. McConnell, Jr., begun by attachment. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. M. Shelton,* for appellant.

"Actual cessation to dwell within a state for an uncertain period, without definite intention as to a time for returning, although a general intention to return may exist," constitutes nonresidence within the meaning of the attachment law. *Mayer Bros. Drug Co.* v. *Fly,* 105 Miss. 752; Anderson's Dictionary of Law, 892, citing *Weitkamp* v. *Loehr,* 53 N. Y. Super. Court, 79; 5 Words and Phrases, page 4844, citing, in addition to *Weitkamp* v. *Loehr,* the case of *Carden* v. *Carden,* 107 N. C. 214.

In the opinion delivered in said last case, a careful reading of which I ask, it will be noted that the quotations from Waples on Attachment, which I made in my original brief in the instant case, are quoted with approval, and the decision was in line with the principle announced in those quotations.

Nonresidence, within the meaning of the attachment law, begins as soon as one leaves a state with no then present intention of returning at some defienite, fixed time. *Dean* v. *Cannon,* 37 W. Va. 123; *Moore* v. *Holt,* 10 Grattan (Va.), 284; *Clark* v. *Ward,* 12 Grattan, 440.

Point is sought to be made on the fact that the return on the writ of attachment shows service upon J. A. Walton, who it is stated by appellee's counsel was a stranger to the suit, and does not show that the defendant, McConnell, could not be found, and I submit that said Walton was not a stranger to the suit, for he was suggested in the affidavit for attachment as garnishee, and was directed by said writ to be summoned as garnishee, and that it was wholly unnecessary for. such return to state that McConnell could not be found, in view of the fact that he was stated in said affidavit to be a nonresident and not in the state of Mississippi. If the fact was that he was in said state at the time, why was it shown, or, at least, attempted to be shown?' No such attempt was made, however.

It is contended by appellee's counsel that there is no testimony in the case that the debt, which was the basis of the attachment, was due and unpaid, and not even an affidavit to that effect, and that contention, I submit, is without merit, and is very effectually disposed of by the decision in the case of *Lum* v. *Steamboat Buckeye,* 24 Miss. 564.

The case of *Mack* v. *Jacobs,* 70 Miss. 429, cited by opposing counsel, is a very different case from the instant case, for in that case the debt which was the basis of the attachment, was shown to have been actually not due, while in the instant case nothing of the kind was done, or even attempted.

If it was a fact that the defendant, McConnell, had a fixed place of residence in Hinds county, and a family, so that he could have been duly served with process under section 3926 of the Code of 1906, as contended by opposing counsel, why, I ask, was not the fact shown, or at least attempted to be shown? That it was not even attempted to be shown to be a fact, is conclusive that it was because it was not a fact.

*V. V. Montgomery, Jr., W. J. Croom* and *Powell &
Thompson,* for appellee.

The remedy by attachment is out of the ordinary
course of proceedings and was designed to be applied
only in cases of emergency embraced in the statute, hence
every requisite of the statute must be complied with
or the proceedings will be irregular and void. *Hopkins*
v. *Grissom,* 26, Miss. 143; *Rankin* v. *Dulaney,* 43 Miss.
197.

We contend first that before the plaintiff, in an attach-
ment, can succeed, he must establish either that he has
a debt against the defendant which is due and unpaid,
or he must establish that he had a debt not due and
unpaid. In which last event he must make affidavit as
provided by section 146 of the Code of 1906, which was
not done in this case.

There is not the faintest scintilla of testimony as to
whether or not the debt was due and there is no testi-
mony whatever that the same had not been paid, nor as
to the amount of same.

We, therefore, contend on this point that the proper
affidavit not having been made for a debt not due and
there being no testimony before the court that the debt
was due and unpaid at the time of the issuance of the
attachment, the court was correct when the plaintiff
rested in ordering a judgment for the defendant. In
this connection we call the court's attention to the case
of *Stadder* v. *Jacobs,* 12 So. 444, not officially reported,
where the court says: "To sustain an attachment on the
ground of nonresidence the attached debtor must actu-
ally be a nonresident and the debt sued for must be due."

On the issue as to whether or not the defendant in
the court below, appellee here, so absconded as that pro-
cess could not be served upon him, we have to say: That
at the time of the issuance of the attachment McConnell
had only been gone from his homestead for one and one-

half months, and he left, as shown by the testimony, with the intention of speedily returning.

In addition, the return of the sheriff on the writ of attachment does not show that defendant, McConnell, could not be found, nor that there was any attempt to find him whatever.

In addition, the evidence fails to show that he ever left the county much less the state at all, or that there was any inquiry made anywhere else than on his plantation, which he had rented to another for a year. There was no reason for his leaving as the testimony discloses that there was ample land and personal property to pay all his debts and we humbly submit that the testimony utterly fails to show that he was absconding or that process could not be served upon him.

On the question as to whether or not the appellee was a nonresident of the state we submit that the evidence is totally insufficient to establish this fact.

We quote from *Alston* v. *Newcomer,* 42 Miss. 186, quoted by appellant in his brief, as follows: "Mere absence from the state, of a debtor domiciled here, temporarily on business or pleasure, does not make him a nonresident within the meaning of the attachment law; he must have a fixed abode elsewhere, with an intention of remaining permanently."

Quoting from *Morgan* v. *Nunes,* 54 Miss. 311, another case cited by appellant, the court says: "A prominant idea involved is, whether the absence of the party is of such character and so prolonged that he cannot be served with ordinary process. Mere absence will not suffice; the debtor must have acquired a fixed residence, though it may not have been intended to be permanent."

Now, in this case, is there a scintilla of evidence that McConnell ever acquired a fixed residence outside of this state?

In the case of *Bowers* v. *Ross,* 55 Miss. 214, cited by appellant's counsel, we find the following: "Where an

attachment is sued out on the ground of nonresidence, the defendant is permitted to show, in abatement of the attachment, that, although, he has a fixed abode in another state for an indefinite period, he still has his legal domicile in this state, with the intention of returning, and that he has left an establishment here inhabited by his family, upon whom the ordinary process of law can be served, so as to bind him.''

Now in this case the plaintiff in the court below showed that the defendant McConnell did have a fixed place of residence in Hinds county and while the record is silent as to whether or not he had a family, section 3926, Code 1906, provides a mode by which he could have been duly served with process.

The case of *Pindell* v. *Harris,* 57 Miss. 739, cited by counsel for appellant, has no application as I can see to this case whatever, nor has the case of *Weilde* v. *Levy,* 74 Miss. 34.

We also contend that the case of *Imperial Cotton Oil Company* v. *Benjamin J. Allen,* 83 Miss. 27, is not applicable to this case for the reason that according to the testimony in the case, plaintiff was simply temporarily absent with the intention of speedily returning as shown by the testimony of the appellant's own witnesses.

In the case of *Summerfield Brown* v. *Mary P. Crane,* 69 Miss. 678, the court says: ''Domicile and residence are not convertible terms under out attachment law. One who resides here though having a domicile in another state is not liable to attachment as a nonresident.''

Appellant relies upon the case of *Cocke* v. *Kuykendall,* 41 Miss. 65, in which it was held that the defendant having made representation to the plaintiff, which would justify an attachment against him, was estopped from denying the truth of such statement. This case, we conceive has no application to the instant case for the reason that McConnell made no representation to Mr. Lee, the plaintiff, whatever, and the only statement he did

make was that he expected speedily to return to his home in this county, which would not justify an attachment against him.

We, therefore, contend that the appellant having failed to show that his debt was due at the time the attachment was sued out, or that the same was unpaid, and having failed to make the proper affidavit that his debt was not due, he having failed to show that he could not be found by the sheriff and served with process, and having failed to show that he ever left the state at all, or that if he did leave the state, it was nothing more than a temporary absence, we contend that the action of the court below in giving a peremptory instruction was correct and the same should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This was a suit on an open account begun by attachment. The cause came on for trial on the attachment issue, and at the close of the evidence the jury were instructed to find for the defendant, and there was a verdict and judgment accordingly. The affidavit upon which the attachment was issued alleges that appellee is justly indebted to appellant in the sum of three hundred and sixteen dollars on open account, as per sworn itemized statement filed therewith, and then proceeds to set forth eight grounds of attachment, the evidence introduced in support thereof, however, being pointed to the first three; that is:

"(1) That the defendant is a nonresident of this state; (2) that he has removed himself out of this state; (3) that he so absconds or conceals himself that he cannot be served with summons."

Appellee introduced no evidence himself, and that introduced by appellant discloses that some time during the year 1911 appellee purchased a farm near Edwards in Hinds county and lived upon it until the 27th day of

December, 1911, on which day he went to Edwards, a railroad station, stating that he was going home and intended to obtain a position as engineer with a railroad company, and had not been seen since in that neighborhood up to the time of the trial in the court below, which occurred on the 5th day of February, 1913. His home prior to coming to Mississippi, according to statements made by him to various persons, was somewhere in the state of Kentucky. He also stated, when leaving, that he intended to return, but did not intimate when he would do so. One letter received from him by appellant some time in 1912 was postmarked Milford, Utah. When appellee left the farm he had purchased, he had rented it, exactly when and for what length of time does not appear, to one Walton, who still lives upon it, paying the rent notes given therefor when the same are presented to him for payment. Whether appellee had ever lived in any other place in Mississippi than on the farm hereinbefore mentioned does not appear.

.The grounds upon which it is sought to uphold the judgment of the court below are that the evidence, first, does not disclose that the debt sued on is due; and, second, that it does not bring the case within either of the grounds for an attachment hereinbefore set out.

The plea in abatement did not put in issue whether or not the debt sued on was due; therefore that point was not presented to the court below for adjudication.

Under the evidence the jury would have been warranted in believing that appellee had left the state with only a vague idea of returning thereto at some uncertain time in the future. The peremptory instruction, therefore, should not have been given.

*Reversed and remanded.*