AMERICAN OIL Co. *v.* H. BOOTH LUMBER Co.*

(Division A. Dec. 22, 1924.)

[102 So. 262.  No. 24565.]

1. ATTACHMENT. *Party absent from state with no definite intention of returning liable to attachment for debt; "removed himself out of state."*

  A person has removed himself out of this state, within the meaning of paragraph 2, section 133, Code of 1906 (Hemingway's Code, section 125), when he is absent therefrom with no definite intention of returning thereto, and consequently is liable to an attachment for debt.

2. PARTNERSHIP. *Attachment maintainable by firm creditors against all members of partnership on removal of one partner out of state.*

  An attachment may be maintained against all the members of a partnership by the partnership creditors when one of the members thereof has removed himself out of this state, although the other partners may remain therein.  Section 131, Code of 1906 (Hemingway's Code, section 123.)

---

*Headnotes 1. Attachments, 6 C. J., section 43; 2. Partnership, 30 Cyc., p. 572; Attachments, 6 C. J., section 35.

APPEAL from circuit court of Forrest county.

HON. W. L. CRANFORD, Judge.

Action by the American Oil Company against the H. Booth Lumber Company. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

*T. C. Hannah* and *Jas. Simrall, Jr.,* for appellant.

In the trial of this case in the court below the appellant, who was the plaintiff there, proceeded on the theory that if it established by its proof that Harry Booth had committed any one of the grounds of attachment alleged in the affidavit, save the first, that the attachment was rightfully sued out. The appellee, who was the defendant in the court below, proceeded on the theory that it was necessary for the plaintiff to prove that he (Clark) was guilty of one of the respective acts of attachment; and, therefore, if he was able to establish that he (Clark) had not been guilty of any one of the said acts of attachment, it was wrongfully sued out. But see section 123, Hemingway's Code (131).

The trial court seems to have interpreted this statute directly opposite to the way in which it is written and held that in any case where one or more of the partners is a resident of the state of Mississippi that the partnership is not subject to attachment unless the resident partner is guilty of the respective grounds of attachment. Most assuredly this was an erroneous conception on the part of the trial court for language can hardly be more clear and certain than that contained in the statute. *Barney & Hines* v. *Moore-Hagerty Lumber Co.,* 95 Miss. 118, 48 So. 232; *Blair* v. *Russell,* 120 Miss. 108, 81 So. 785.

We, therefore, submit that the pertinent inquiry in the case at bar is whether or not Harry Booth, one of the partners, was guilty of having committed any one of the grounds of attachment, save the first, alleged in this proceeding. If he was, it is clearly and conclusively settled by our statute, and the decisions of this court that

the partnership was subject to attachment. The record before this court establishes conclusively and without contradiction that Harry Booth had removed himself and his property out of the state of Mississippi at the time this suit was filed. With this testimony before the court, we respectfully submit that the appellant, the plaintiff in the court below, was most assuredly entitled to a peremptory instruction on the rightfulness of the suing out this attachment. The giving of the peremptory instruction for the defendant was expressly condemned by this court in the case of *Lee* v. *McConnell,* 109 Miss. 839, 69 So. 706.

The trial court was unwarranted in submitting the jury the question of damages to the appellee for the further reason that there was absolutely no competent proof of damages. *Vicksburg & Meridian Railroad Co.* v. *Ragsdale,* 46 Miss. 458.

*Currie & Currie* and *A. A. Hearst,* for appellee.

Argued orally by *T. C. Hannah,* for appellant.

Smith, C. J., delivered the opinion of the court.

The appellant sued out an attachment for debt in the court of a justice of the peace against H. Booth trading as H. Booth Lumber Company, and the writ was levied on certain property owned by H. Booth Lumber Company and in the possession of one P. W. Clark.

A written plea in abatement was filed by Clark, alleging that he is one of the owners of H. Booth Lumber Company, and traversing the grounds of the attachment. He also filed a claim for damages for the wrongful suing out of the attachment in the sum of one thousand five hundred thirty-five dollars. In due course the cause came to the court below wherein there was a judgment for the defendant that the attachment was wrongfully sued out, and an award of damages therefor in the sum

of one thousand dollars.   From which judgment the plaintiff has brought the case to this court.

The evidence, in which there is no conflict, is in substance as follows: In June, 1923, H. Booth and P. W. Clark formed a partnership under the firm name of H. Booth Lumber Company, and engaged in the manufacture and sale of lumber, among other things owning a small sawmill on which only a small amount of the purchase price has been paid, and some personal property which consisted of wagons, oxen, etc.

The appellant sold and delivered merchandise to H. Booth Lumber Company, not knowing that it was a partnership, but on the representation of H. Booth that he was the sole owner thereof, which fact, however, probably is not here material.

In October, 1923, Booth disposed of all of his real and personal property other than that belonging to the partnership, and in addition thereto a car of lumber which belonged to the partnership, but what he did with the proceeds thereof does not appear.   His real property was conveyed to his wife by deed reciting a consideration therefor of three thousand six hundred dollars.   Of what the personal property disposed of by him consists does not appear.   Immediately after disposing of this property Booth left the state of Mississippi, stating to Clark, his partner, that he was going to New York and would be gone from two to six weeks.   About the first of January following the appellant received a letter from Booth postmarked Syracuse, N. Y.

The attachment was sued out in March, 1924. and the cause was tried in the court below on May 30th following. When the case was tried Booth was still absent from the state, and had not been heard from since he left in October, 1923, except once by the appellant as hereinbefore set forth.   Clark, his partner, knows nothing of his whereabouts.   Under this evidence the court below instructed the jury peremptorily to find for the defendant.

If Booth is absent from the state with no definite intention of returning thereto he is liable to an attachment for debt under the ground therefor set forth in paragraph 2, section 133, Code of 1906 (Hemingway's Code, section 125), and in the affidavit on which the writ here in question was issued, "that he has removed . . . himself . . . out of this state." *Lee* v. *McConnell,* 109 Miss. 839, 69 So. 706.

On the evidence the jury would not be warranted in finding that Booth was not so absent. That Clark had not removed himself out of the state is not here material, for section 131, Code of 1906 (Hemingway's Code, section 123), provides:

"In case any one or more partners shall be liable to attachment, on any of the enumerated grounds therefor, save the first, an attachment may be maintained against said partner, or all of the partners, by the partnership creditors," etc.

Instead of directing a verdict for the appellee the court below should have granted the appellant's request for a directed verdict in its favor.

The judgment of the court below will be reversed, and a judgment for the appellant that the attachment was rightfully sued out will be rendered here.

*Reversed, and judgment here.*